IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-01717-NRN

RONALD LEE SMITH,

Plaintiff,

v.

MARYAM GHIASSI and
KIM BROWN,

Defendants.

---

**ORDER ON MOTION TO DISMISS (ECF No. 47)**

---

**N. REID NEUREITER**
**United States Magistrate Judge**

This 42 U.S.C. § 1983 prisoner civil rights case is before the undersigned for all purposes upon the consent of the parties, ECF Nos. 40 & 49, and an Order of Reference by Chief Judge Philip A. Brimmer pursuant to 28 U.S.C. § 636(c), ECF No. 50. Now before the Court is Defendant Maryam Ghiassi, M.D.'s ("Defendant")[1] Motion to Dismiss, ECF No. 47. Plaintiff Ronald Lee Smith ("Plaintiff") filed a response, ECF No. 51, and Defendant filed a reply, ECF No. 52. The Court heard argument of the parties on January 30, 2025. ECF No. 60. Plaintiff submitted his argument in advance of the hearing. ECF No. 59.

---

[1] Dr. Ghiassi is the only defendant who has been served in this case. The operative Seventh Amended Complaint purports to assert a claim against a nurse "assistant," but this individual was apparently misidentified and, in any case, was never served. Plaintiff attempted to correct this mistake by identifying the nurse, *see* ECF No. 58, but his filing was stricken because it did not contain any factual allegations, ECF No. 60. Plaintiff did not seek further leave to amend.

Now, being fully informed and for the reasons discussed below, the Court **ORDERS** that the Motion to Dismiss is **GRANTED**.

## I. BACKGROUND[2]

Plaintiff is incarcerated at the Buena Vista Correctional Facility. In his Seventh Amended Complaint, ECF No. 32, Plaintiff claims that on July 28, 2021, Defendant, an ophthalmologist at the Denver Medical Center, stuck a needle directly into his unnumbed eyeball and punctured it, causing serious and permanent damage. He further alleges that Defendant did not perform a follow-up exam. He brings a claim for deliberate indifference under the Eighth Amendment.[3]

## II. LEGAL STANDARDS

### a. Pro Se Plaintiff

Plaintiff proceeds pro se. Accordingly, the Court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). However, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in

---

[2] Unless otherwise noted, all factual allegations are taken from Plaintiff's Seventh Amended Prisoner Complaint ("Seventh Amended Complaint"), ECF No. 32, and are presumed to be true for the purposes of the Motion to Dismiss. Any citations to docketed materials are to the page number in the CM/ECF header, which sometimes differs from a document's internal pagination.

[3] Defendant interprets the Seventh Amended Complaint to also assert a state law malpractice claim. To the extent that it does, the Court declines to exercise supplemental jurisdiction over such a claim.

2

ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *see also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (the court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues"). A plaintiff's pro se status does not entitle him to an application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

### b. Rule 12(b)(6)

Rule 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted). "A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall*, 935 F.2d at 1108. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The *Iqbal* evaluation requires two

prongs of analysis. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations that are legal conclusions, bare assertions, or merely conclusory. *Id.* at 679–81. Second, the court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. If the allegations state a plausible claim for relief, such a claim survives the motion to dismiss. *Id.* at 679.

However, the Court need not accept conclusory allegations without supporting factual averments. *S. Disposal, Inc., v. Tex. Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (citation omitted).

### III. ANALYSIS

#### a. Deliberate Indifference

42 U.S.C. § 1983 allows an injured person to seek damages for the violation of his or her federal rights against a person acting under color of state law. *See* 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). An individual who is incarcerated is not stripped of their constitutional rights. *See Turner v. Safley*, 482 U.S. 78, 84 (1987)

4

("Prison walls do not form a barrier separating prison inmates from the protections of the Constitution."). Rather, "the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citation omitted). The Eighth Amendment prohibits "unnecessary and wanton infliction of pain," including "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Prison officials may be liable for an Eighth Amendment violation for "indifference . . . manifested . . . in their response to the prisoner's needs or by . . . intentionally denying or delaying access to medical care or intentionally interfering with treatment once prescribed." *Estate of Booker v. Gomez*, 745 F.3d 405, 429 (10th Cir. 2014).

The "deliberate indifference" test has an objective and subjective component: (1) the harm suffered must be sufficiently serious; and (2) the prison official must know of and disregard an excessive risk to inmate health or safety. *DuBois v. Payne Cnty. Bd. of Cnty. Comm'rs*, 543 F. App'x 841, 846 (10th Cir. 2013), *see also Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005).

"A medical need is considered sufficiently serious to satisfy the objective prong if the condition has been diagnosed by a physician as mandating treatment or is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Al-Turki v. Robinson*, 762 F.3d 1188, 1192–93 (10th Cir. 2014) (internal quotation marks omitted).

"Where the necessity for treatment would not be obvious to a lay person, the medical judgment of the physician, even if grossly negligent, is not subject to second-guessing in the guise of an Eighth Amendment claim." *Mata,* 427 F.3d at 751 (citing

5

*Green v. Branson*, 108 F.3d 1296, 1303 (10th Cir. 1997)). In addition, a delay in a prisoner's medical care only constitutes an Eighth Amendment violation where the plaintiff can show the delay resulted in substantial harm. *Id*. The substantial harm requirement for a deliberate indifference claim may be satisfied by showing "lifelong handicap, permanent loss, or considerable pain." *Id*. (quoting *Garrett v. Stratman*, 254 F.3d 946, 950 (10th Cir. 2001)).

      The subjective prong of the test for deliberate indifference to an inmate's serious medical needs requires the plaintiff to present evidence (or, at the motion to dismiss stage, non-conclusory allegations) of the prison official's culpable state of mind. *Id.* at 751. The subjective component is satisfied if the accused official knows of and disregards an excessive risk to inmate health or safety. The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and she must also draw the inference. *Id.* A prison medical professional who serves as a "gatekeeper" for other medical personnel capable of treating a condition may be held liable under the deliberate indifference standard if she delays or refuses to fulfill that gatekeeper role. *Id.* at 757.

      Deliberate indifference does not require a finding of express intent to harm. *Id.* at 752. Thus, a plaintiff alleging deliberate indifference to serious medical need does not need to show (or allege) that a prison official acted or failed to act believing that harm actually would befall the inmate. It is enough that the official acted or failed to act despite knowledge of a substantial risk of serious harm. *Id*. This standard is akin to criminal recklessness, which makes a person liable when she consciously disregards a substantial risk of serious harm. *Id*. (citing *Farmer*, 511 U.S. at 836-38).

The standard for deliberate indifference to an inmate's serious medical needs lies somewhere "between the poles of negligence at one end and purpose or knowledge at the other." *Id.* The task of deciding on a motion to dismiss whether an alleged constellation of facts constitutes deliberate indifference is made more difficult because "contemporary standards and opinions of the medical profession also are highly relevant in determining what constitutes deliberate indifference to medical care." *Id.* at 757–58 (citing *Howell v. Evans*, 922 F.2d 712, 719, *vacated after settlement by* 931 F.2d 711 (11th Cir. 1991)).

Accordingly, for Plaintiff to overcome Defendant's Motion to Dismiss, he is required to set forth non-conclusory allegations in the operative complaint demonstrating that his medical need was objectively sufficiently serious. Then, to meet the subjective prong of the deliberate indifference test, he must provide non-conclusory allegations supporting an inference that Defendant knew about and disregarded a substantial risk of harm to his health and safety.

**b. Discussion**

Defendant argues that Plaintiff's Seventh Amended Complaint alleges, at most, that Defendant committed medical negligence, and this is insufficient to state a claim under the Eighth Amendment. The Court agrees.

As to the injection into Plaintiff's eyeball, Plaintiff does not allege that it was unnecessary, that he did not consent to it, or that Defendant was not qualified to perform the procedure. Instead, he argues that injection was done improperly because his eyeball had not been numbed. But even if this supports an inference that Defendant's treatment decision was somehow negligent, or even grossly negligent, that

is still insufficient to state a deliberate indifference claim. *See Mata*, 427 F.3d at 751. Moreover, Plaintiff does not allege that Defendant had subjective knowledge that his eyeball had not been numbed before she performed the injection and proceeded to do it anyway. Accordingly, the Court finds that Plaintiff has not stated a plausible claim under § 1983 against Defendant for the intraocular injection.

As to Defendant's alleged failure to schedule a follow-up examination, Plaintiff likewise fails to explain how this constitutes a conscious decision on her part to disregard a substantial risk of harm to Plaintiff's health. Plaintiff does not allege in the Seventh Amended Complaint that Defendant was aware of any damage to Plaintiff's eye following the injection, or that Plaintiff requested an appointment but was denied. This again amounts to a claim that Defendant failed to meet an established standard of care; i.e., that she acted negligently. This is simply not enough to state a claim under the Eighth Amendment.

The Court notes that Plaintiff's response brief contains a host of factual allegations not found in the Seventh Amended Complaint. But a plaintiff cannot amend his complaint by adding factual allegations in response to a defendant's motion to dismiss. *See Jojola v. Chavez*, 55 F.3d 488, 494 (10th Cir. 1995) (holding that a court is limited to assessing the legal sufficiency of the allegations contained within the four corners of the complaint) (citation omitted); *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984) (holding that "it is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss") (citations omitted); *Abdulina v. Eberl's Temp. Servs., Inc.*, 79 F. Supp. 3d 1201, 1207 (D. Colo. 2015). The Court is especially mindful of this prohibition here because Plaintiff has been given

numerous opportunities to amend his pleadings. The Court will not consider these additional allegations.[4]

## IV. CONCLUSION

For the reasons set forth above, it is hereby **ORDERED** that:

- Defendant's Motion to Dismiss, ECF No. 47, is **GRANTED**;

- Plaintiff's claim against Defendant Kim Brown is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute. *See* Fed. R. Civ. P. 41(b) (permitting dismissal of an action or claim for failure to prosecute); *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or [the] court's orders." (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630–31 (1962))); and

- Plaintiff's Seventh Amended Complaint, ECF No. 32, is **DISMISSED WITHOUT PREJUDICE**.

Dated at Denver, Colorado this 9th day of May, 2025.

N. Reid Neureiter
United States Magistrate Judge

---

[4] Even if the Court were to consider the supplemental allegations, they would not save Plaintiff's Eighth Amendment claim because they describe, at most, a "botched" clinical procedure. This type of medical malpractice may give rise to liability outside the prison context, but does not rise to deliberate indifference.