IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-01717-NRN

RONALD LEE SMITH,

Plaintiff,

v.

MARYAM GHIASSI and
KIM BROWN,

Defendants.

---

**ORDER DENYING PLAINTIFF'S MOTION, PURSUANT TO F.R.CIV.P. RULE 60(b)(1) ET SEQ., SEEKING RELIEF FROM FINAL JUDGMENT (ECF No. 77)**

---

**N. REID NEUREITER**
**United States Magistrate Judge**

This case is before the Court on Plaintiff Ronald Lee Smith's ("Plaintiff") "Motion, Pursuant to F.R.Civ.P. Rule 60(b)(1) et seq., Seeking Relief from Final Judgment" ("Motion"), ECF No. 77, and the Addendum thereto, ECF No. 78. Defendant Maryam Ghiassi, M.D., ("Defendant") filed a response. ECF No. 79. Now, being fully informed and for the reasons discussed below, the Court **ORDERS** that the Motion is **DENIED**.

I.    **BACKGROUND**

On May 9, 2025, the Court entered an Order, ECF No. 61, dismissing Plaintiff's Seventh Amended Prisoner Complaint ("Seventh Amended Complaint"), ECF No. 32. Plaintiff had alleged that Defendant, an ophthalmologist, punctured his unnumbed right eyeball with a needle, causing serious permanent damage, and that Defendant then failed to perform a follow-up exam. The Court found that the Seventh Amended

Complaint failed to state a claim for deliberate indifference to Plaintiff's serious medical needs, in violation of the Eighth Amendment. *See generally* ECF No. 61.

Plaintiff appealed. ECF No. 66. In an unpublished decision issued on March 26, 2026, the Tenth Circuit affirmed the dismissal of Plaintiff's lawsuit. ECF No. 75; *see also Smith v. Ghiassi,* No. 25-1241, 2026 WL 836536 (10th Cir. Mar. 26, 2026). The court stated:

> Mr. Smith alleged Dr. Ghiassi administered the intraocular injection improperly because his eyeball was not numbed beforehand. He alleged that the injection caused a serious medical need—floaters in his eye that impact his vision. These allegations are insufficient to satisfy the objective component because Mr. Smith failed to show that the medical need was either "diagnosed by a physician as mandating treatment" or "so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Est. of Beauford* [*v. Mesa Cnty.*], 35 F.4th [1248,] 1262 [10th Cir. 2022] (internal quotation marks omitted).
>
> Regarding the subjective component, Mr. Smith alleged Dr. Ghiassi failed to perform a follow-up exam to assess the damage caused by the injection. Mr. Smith seems to allege that Dr. Ghiassi did not perform a follow-up exam because she wanted to "cover up" the incident. R. at 13. But, as the district court correctly noted, Mr. Smith did not allege that Dr. Ghiassi "was aware of any damage to [his] eye following the injection, or that [he] requested a[ ] [follow-up] appointment but was denied." *Id*. at 56. His allegations amount to a claim that Dr. Ghiassi negligently failed to provide adequate medical care. And the "negligent failure to provide adequate medical care, even one constituting medical malpractice, does not give rise to a constitutional violation." *Self v. Crum*, 439 F.3d 1227, 1233 (10th Cir. 2006) (internal quotation marks omitted). Mr. Smith's allegation that Dr. Ghiassi was engaged in a cover-up "rest[s] solely on speculation and conjecture" and "cannot support an inference of actual knowledge." *Id*. at 1236.
>
> In sum, because Mr. Smith failed to satisfy the deliberate-indifference standard's objective and subjective components, he failed to plausibly allege a constitutional violation.

ECF No. 75 at 3–4; *Smith*, 2026 WL 836536, at *2.

The mandate issued on March 26, 2026. On May 13, 2026, Plaintiff filed the subject Motion, and he followed up with an addendum on May 21, 2026. It is difficult to

2

discern the exact legal basis for the Motion. Plaintiff reiterates that Defendant botched the procedure on his eye.[1] These allegations were made in the Seventh Amended Complaint and discussed both in this Court's order and on appeal. He also includes facts that could have been but were not included in his many previous pleadings. The main thrust of the Motion appears to be that Plaintiff feels he should be entitled to proceed to discovery.

## II.    LEGAL STANDARDS

### a.  Pro Se Plaintiff

Plaintiff proceeds pro se. Accordingly, the Court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). However, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *see also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (the court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues"). A plaintiff's pro se status

---

[1] The date of the procedure in the Motion (August 28, 2021) is different than the date identified in the Seventh Amended Complaint (July 28, 2021).

does not entitle him to an application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

### b. Rule 60(b)

"On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for [six] reasons[.]" Fed. R. Civ. P. 60(b). The first five are scenarios that arise with enough frequency to be specifically delineated (e.g., excusable neglect, newly discovered evidence, satisfaction of judgment). *See* Fed. R. Civ. P. 60(b)(1)–(5). Then Rule 60(b)(6) permits a court to grant relief for "any other reason justifying relief." While relief under the five enumerated clauses of Rule 60(b)(1)–(5) is "extraordinary and may only be granted in exceptional circumstances," "Rule 60(b)(6) relief is even more difficult to attain and is appropriate only when it offends justice to deny such relief." *Yapp v. Excel Corp.*, 186 F.3d 1222, 1231–32 (10th Cir. 1999). "

While the Court may consider a Rule 60(b) motion even after an appellate court has affirmed the challenged judgment, *see Standard Oil Co. of Cal. v. United States*, 429 U.S. 17, 18 (1976), the Tenth Circuit has described limits on consideration of post-appeal Rule 60(b) motions. "[W]e are convinced that Rule 60(b)(6) cannot be properly used to alter the substantive content of a judgment once it has been affirmed on appeal except in extraordinary situations." *Colo. Interstate Gas Co. v. Natural Gas Pipeline Co. of Am.*, 962 F.2d 1528, 1534 (10th Cir. 1991). For example, Rule 60(b) relief may be appropriate "when the basis for the motion was not before the appellate court or resolved on appeal." *FDIC v. United Pac. Ins. Co.*, 152 F.3d 1266, 1273 (10th Cir. 1998).

4

### III.    DISCUSSION

As an initial matter, Plaintiff's Motion is untimely in at least some respects. A one-year time limitation applies to motions seeking relief under Rule 60(b)(1)–(3), while motions seeking relief under Rule 60(b)'s other subsections must be made "within a reasonable time." Fed. R. Civ. P. 60(b)(c)(1). Unhelpfully—and fatal to the Motion overall—Plaintiff does not state what subsection he seeks relief under. Given that judgment entered on May 12, 2025, and the subject Motion was not filed until May 13, 2026, any arguments under Rule 60(b)(1)–(3) are time-barred.

To the extent that Plaintiff purports to rely on the other subsections, assuming without deciding that he has asserted them within a reasonable time (within two months of the Tenth Circuit's decision), none offers any basis for relief. Indeed, the Motion must be denied because Plaintiff does make even a cursory showing that *any* of Rule 60(b)'s subsections apply. He does not allege a mistake, inadvertence, surprise, or excusable neglect; that there is newly discovered evidence that could not have been discovered in time under Rule 59(b); that there was fraud, misrepresentation, or misconduct by an opposing party; that the judgment is void; that the judgment has been satisfied, released, discharged, reversed, or vacated; or any other reason that justifies relief. Instead, he simply disagrees with the Court's (and the Tenth Circuit's) legal analysis. A party may not use a Rule 60(b) motion to raise arguments that he could have raised earlier. *Smilde v. Mortgage Temps*, Inc., 22 F. App'x 957, 958 (10th Cir. 2001) (citation omitted). Nor is Rule 60(b) the appropriate vehicle for a motion solely based on a disagreement with decisions a court made during the pendency of a case. *See Xiong v. McCormick*, No. CIV-17-875-R, 2019 WL 13274349, at *3 (W.D. Okla. May 3, 2019)

("'[A] motion premised solely on a party's disagreement with the court's interpretation, application, and conclusions of law' does not warrant relief under Rule 60(b).") (citation omitted). In short, Plaintiff has not demonstrated that any exceptional circumstances justify post-appeal Rule 60(b) relief.

## IV.    CONCLUSION

For the reasons set forth above, it is hereby **ORDERED** that Plaintiff's "Motion, Pursuant to F.R.Civ.P. Rule 60(b)(1) et seq., Seeking Relief from Final Judgment" ("Motion"), ECF No. 77, is **DENIED**.

Dated at Denver, Colorado this 4th day of June, 2026.

N. Reid Neureiter
United States Magistrate Judge